CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 25, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLARENCE WENDELL ALSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00204 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER J. DEEL, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendant. | ) | |

Clarence Wendell Alston, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Officer J. Deel, alleging that Deel used excessive foce against him while he was incarcerated at Keen Mountain Correctional Center ("Keen Mountain"). This matter is before the court on the defendant's motion for summary judgment. Having reviewed the evidence, the court will deny the defendant's motion.

I.

In his verified complaint, Alston alleges that on February 4, 2023, during an escort with four other officers at Keen Mountain, Officer Deel called him a "ni**er" and a "black ass piece of shit," and threatened to throw him down three flights of stairs while he was handcuffed and in leg irons. (Am. Compl. at 2 [ECF No. 22].) Alston further states that after going down the stairs "with [his] arms jacked up behind [his] back," Officer Deel "stopped [him] at the bottom of the stairs," grabbed Alston "in the back of the neck," and "slam[ed his] head against the concrete wall twice before escorting [him to] RHU [(Restorative Housing Unit)] 'segregation.'" (*Id.*) As a result of the incident, Alston states that he is taking pain

medication for his head injury, has "flashes" of the officers' faces at night, and suffers depression and anxiety. (*Id.* at 3.)

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). But if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). The non-moving party may not rely on conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that

could carry the burden of proof of his claim at trial."); *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment).

### III.

Officer Deel, proceeding *pro se*, filed an answer to Alston's amended complaint and denies "all" of Alston's allegations. (ECF No. 29 at 3.) Deel also filed a motion for summary judgment but provides no evidence or argument in support of his motion. (ECF No. 31.) As such, the court concludes that Deel has not shown that he "entitled to judgment as a matter of law" as required by Rule 56(a). Further, because Deel's verified answer denies all of Alston's verified allegations in his amended complaint, the court will set this matter for a jury trial.

### IV.

For the reasons discussed, the court will deny Officer Deel's motion for summary judgment and the matter will be set for a trial.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 25th day of April, 2024.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE